THE HONORABLE DAVID ESTUDILLO

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

VINCENT JACKSON and JESSE QUINDT,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

     v.

CAPSTONE LOGISTICS, LLC, a Delaware
limited liability company,

                    Defendant.

NO. 3:25-cv-05798-DGE

**FIRST AMENDED CLASS ACTION
COMPLAINT**

## I.  NATURE OF THE ACTION

1.1    Plaintiffs Vincent Jackson and Jesse Quindt ("Plaintiffs") bring this class action on behalf of themselves and all other similarly situated against Defendant Capstone Logistics, LLC ("Defendant"). Defendant Capstone Logistics, LLC is a national third-party logistics company engaged in the warehousing, handling, and movement of freight in interstate commerce. In Washington, Capstone employs hundreds of non-exempt associates to perform the physical work of loading, unloading, palletizing, and staging freight for shipment to and from destinations across the country.

1.2    Defendant has engaged in a systematic scheme of wage and hour abuses against

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

1  its Washington hourly-paid, piece-rate, or non-exempt employees. These abuses include: (1)

2  failing to provide employees with the rest breaks to which they are entitled; (2) failing to

3  provide employees with the meal breaks to which they are entitled; (3) failing to pay all

4  minimum wages to employees for all hours worked; (4) failing to pay all overtime at the proper

5  rate of pay (5) failing to properly compensate piece-rate workers for rest breaks; (6) violating

6  Washington State prohibitions of noncompetition covenants for workers making less than the

7  minimum threshold.

8  1.3  Plaintiffs and the Class Members are current and former employees of

9  Defendant who have been victimized by Defendant's unlawful compensation and anti-

10  competitive practices. Defendant's deliberate and willful failure to pay their employees their

11  earned wages and to restrict their employment opportunities violates Washington law. This

12  lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiffs

13  and those similarly situated.

14  **II. JURISDICTION AND VENUE**

15  2.1  This case was filed with the Superior Court for the State of Washington in and

16  for Pierce County on July 8, 2025.

17  2.2  On September 8, 2025, the matter was removed to the United States District

18  Court for the Western District of Washington.

19  **III. PARTIES**

20  3.1  Defendant Capstone Logistics, LLC is a Delaware limited liability company

21  with its principal place of business in Peachtree Corners, Georgia.

22  3.2  Plaintiff Vincent Jackson is a resident of the State of Washington and was paid

23  on a piece-rate basis as an employee for Defendant at its Centralia, Washington facility from

24  December 2022 through October 2023.

25  3.3  Plaintiff Jesse Quindt is a resident of the State of Washington and was paid on

26  an hourly basis as an employee for Defendant at its Centralia, Washington facility in September

FIRST AMENDED CLASS ACTION
COMPLAINT – 2

1    2024.

## IV.  CLASS ACTION ALLEGATIONS

4.1    Plaintiffs bring this case as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of three classes, with the first class ("Breaks Class") consisting of:

> All current and former employees of Defendant who were paid on an hourly basis or piece-rate basis while based in or residing in the State of Washington for any period of time from July 8, 2022 to ninety (90) days before trial.

Excluded from the Class are any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2    Plaintiffs bring the second class ("Noncompete Class") consisting of:

> All current and former employees of Defendant who worked for Defendant while residing in the State of Washington for any period from July 8, 2022 to ninety (90) days before trial.

Excluded from the Class are any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. Also excluded from this class is any current or former employee making who made above the minimum salary threshold referenced in RCW 49.62.040, which adjusts annually.

4.3    Plaintiff Jackson brings the third class ("Piece-Rate Class") consisting of:

> All current and former employees of Defendant that were paid on a piece-rate basis while based in or residing in the State of Washington for any period from July 8, 2022 to ninety (90) days before trial.

4.4    Excluded from the Class are any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any

FIRST AMENDED CLASS ACTION
COMPLAINT – 3

1   member of the judge's immediate family.

2         4.5    <u>Typicality – Breaks Class</u>. Plaintiffs claims are typical of the claims of the

3   members of the Breaks Class because they were employees paid on an hourly or piece-rate

4   basis who, like the other members of the Breaks Class, sustained damages arising out of

5   Defendant's failure to allow or ensure that its employees took the rest and meal breaks to which

6   they were entitled.

7         4.6    <u>Typicality – Non-Compete Class</u>. Plaintiffs' claims are typical of the Non-

8   Compete Class because they, like the other members of the Non-Compete Class, were

9   subjected to employment agreements that put an unlawful restraint on their ability to engage in

10   a lawful profession, trade, or business.

11         4.7    <u>Typicality – Piece-rate Class</u>. Plaintiff Jackson's claims are typical of the claims

12   of the Piece-Rate Class because he, like the member of the Piece-Rate Class, sustained

13   damages arising out of Defendant's failure to properly compensate them for rest breaks in

14   addition to the production-based piece-rate pay.

15         4.8    <u>Numerosity.</u> Plaintiffs believe that there are at least 40 current and former

16   employees in the Breaks Class. Plaintiffs believe that there are least 40 current and former

17   employees in the Non-Compete Class. Plaintiffs believe that there are at least 40 current and

18   former employees in the Piece-Rate Class.

19         4.9    <u>Commonality.</u> Common questions of law and fact exist as to Plaintiffs and all

20   members of the three Classes and predominate over any questions solely affecting individual

21   members of the Classes. Among the questions of law and fact common to Plaintiffs and the

22   Classes are:

23         a.   Whether Defendant failed to ensure that Plaintiffs and the Breaks Class

24   members have received the rest breaks to which they are entitled;

25         b.   Whether Defendant subjected Plaintiffs and the Breaks Class to a practice and/or

26   policy requiring them to work more than four hours without a rest break;

FIRST AMENDED CLASS ACTION
COMPLAINT – 4

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206) 774-8874
www.nolanlimlaw.com

c.  Whether Defendant failed to ensure that Plaintiffs and the Class members have received the meal breaks to which they are entitled;

d.  Whether Defendant subjected Plaintiffs and the Breaks Class to a practice and/or policy that failed to provide thirty-minute meal break for every five hours of work;

e.  Whether Defendant paid employees compensation for missing meal breaks;

f.  Whether Defendant subjected Plaintiffs and the Non-Compete Class to written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind.

g.  Whether Defendant's handbook is a written or oral covenant, agreement, or contract;

h.  Whether Defendant's handbook policy restraining employees from engaging in a lawful profession, trade, or business of any kind is a prohibited non-complete;

i.  Whether Defendant failed to separately pay Plaintiff Jackson and the Piece-Rate Class compensation for rest breaks when working on piece rate basis;

j.  Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked;

k.  Whether Defendant has engaged in a common course of failing to pay Plaintiffs and Class Members all the wages to which they are entitled;

l.  Whether Defendant has engaged in a common course of failing to pay Plaintiffs and Breaks Class Members for all overtime compensation to which they are entitled;

m.  Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, and all gross wages,;

n.  Whether Defendant failed to furnish itemized pay statements to Plaintiffs and Class Members;

o.  Whether Defendant willfully deprived Plaintiffs and Class Members of the wages to which they were entitled; and

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206) 774-8874
www.nolanlimlaw.com

1       p.   The nature and extent of class-wide injury and the measure of compensation for

2   such injury.

3       4.10    <u>Adequacy.</u> Plaintiffs will fairly and adequately protect the interests of the Class.

4   Plaintiffs have retained competent and capable attorneys who are experienced lawyers with

5   significant experience in complex and class action litigation, including employment law.

6   Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

7   Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have

8   interests that are contrary to or that conflict with those of the proposed Class.

9       4.11    <u>Predominance.</u> Defendant has acted on grounds generally applicable to three

10  entire Classes. Prosecution of separate actions by individual members of the Classes would

11  create a risk of inconsistent or varying adjudications with respect to individual members of the

12  Classes that would establish incompatible standards of conduct for Defendant.

13      4.12    <u>Superiority.</u> Plaintiffs and Class Members have suffered and will continue to

14  suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a

15  class action, however, most Class Members likely would find the cost of litigating their claims

16  prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation

17  because it conserves judicial resources, promotes consistency and efficiency of adjudication,

18  provides a forum for small claimants, and deters illegal activities. No difficulties are likely to

19  be encountered in the management of this class action that would preclude its maintenance as a

20  class action, and no superior alternative exists for the fair and efficient adjudication of this

21  controversy. The Classes are readily identifiable from Defendant's records.

**V.  SUMMARY OF FACTUAL ALLEGATIONS**

23      5.1     Plaintiffs worked as warehouse associates in Defendant's Washington

24  distribution facilities. Capstone operates as a national third-party logistics company providing

25  warehouse labor and freight-handling services for goods moving throughout the nation.

26  Plaintiffs worked at Defendant's Centralia, Washington facility and their duties included

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206)_774-8874
www.nolanlimlaw.com

1  loading, unloading, palletizing, and staging freight.

2      5.2    **<u>Common Course of Conduct: Failure to Provide Meal Breaks</u>**. Defendant

3  has engaged in a common course of failing to provide Plaintiffs and Breaks Class members

4  with a thirty-minute meal break for every five hours of work.

5      5.3    Defendant has maintained an unlawful policy and practice of requiring or

6  permitting Plaintiffs and Breaks Class members to work more than five consecutive hours

7  without a meal break.

8      5.4    Defendant's policy did not ensure that Plaintiffs and Breaks Class Members

9  received a second meal break if they worked more than 5 hours from their first meal break or

10  worked more than 10 hours without any meal break.

11      5.5    As an illustrative, non-exhaustive specific example of this alleged violation,

12  during the week of September 16, 2024, Plaintiff Quindt worked over ten hours on-the-clock

13  without receiving a second meal break during three of his shifts. During two of those shifts, on

14  September 17, 2024 and September 19, 2024, he worked as much as 11.5 hours without

15  receiving a 2nd meal break. Plaintiff Quindt alleges he was compensated for the three missed

16  breaks meal periods that week.

17      5.6    Plaintiff Quindt was assigned to a 12-hour shift. However, he was never scheduled

18  for nor received a second meal break. Furthermore, he was never trained regarding his right to a

19  second meal break, nor was he informed by Defendant that he had a right to a second meal

20  break. He doesn't recall Defendant had any policy for ensuring that employees received a

21  second meal break if they worked more than ten hours in a shift.

22      5.7    Similarly, and again as an illustrative, non-exhaustive specific example of this

23  alleged violation, Plaintiff Jackson worked over ten hours on-the-clock during the week of

24  October 4, 2023. However, he didn't receive a second meal break during that shift. Plaintiff

25  Jackson alleges he was compensated for his missed meal break that week.

26      5.8    Upon information and belief, Defendant's pay and rest break policies are common

FIRST AMENDED CLASS ACTION
COMPLAINT – 7

1   to other Breaks Class Members across Defendant's Washington facilities.

2       5.9     Defendant was aware of these non-compliant meal periods and Defendant has

3   engaged in a common course of failing to ensure Plaintiffs and Breaks Class members have

4   taken the meal breaks to which they are entitled.

5       5.10    However, Defendant has engaged in a common course of failing to provide

6   Plaintiffs and Breaks Class members with thirty minutes of additional pay for each missed meal

7   break.

8       5.11    **Common Course of Conduct: Failure to Provide Rest Breaks**. Defendant has

9   engaged in a common course of failing to provide Plaintiffs and Break Class Members with a

10  paid ten-minute rest break for every four hours of work.

11      5.12   Defendant has engaged in a common course of requiring or permitting Plaintiffs

12  and Class members to work more than three consecutive hours without all owed rest breaks.

13      5.13    Plaintiff Jackson recalls missing his rest breaks because they were not scheduled

14  or there was inadequate coverage.  Plaintiff Jackson was a forklift operator and Defendant did

15  not arrange coverage for him for his rest breaks.  Furthermore, Defendant did not ensure they

16  were taken or if a break was missed there was no system to report missed breaks.

17      5.14   Plaintiff Quindt also did not receive all of his rest breaks. Defendant did not

18  ensure breaks were taken or provide a system to report missed breaks.

19      5.15    Plaintiffs likewise observed other Breaks Class members not regularly receiving

20  10-minute rest breaks for every four hours worked.

21      5.16   Upon information and belief, Defendant's rest break policies are common to other

22  Breaks Class Members across Defendant's Washington facilities.

23      5.17    Defendant was aware of these non-compliant rest breaks and Defendant has

24  engaged in a common course of failing to ensure Plaintiffs and Breaks Class members have

25  taken the rest breaks to which they are entitled.

26      5.18    Defendant has engaged in a common course of failing to provide Plaintiffs and

FIRST AMENDED CLASS ACTION
COMPLAINT – 8

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

1  Breaks Class members with ten minutes of additional pay for each missed rest break.

2       5.19  **Common Course of Conduct: Failure to Maintain and Provide Accurate**

3  **Wage Statements**. Defendant has engaged in a common course of failing to keep true and

4  accurate time records for all hours worked by Plaintiffs and Class members.

5       5.20  As a result of Defendant's common course of failing to provide proper rest and

6  meal breaks to Plaintiffs and Breaks Class members, Defendant has also failed to maintain

7  accurate records of hours worked by Plaintiffs and Breaks Class members.

8       5.21  Defendant has engaged in a common course of failing to provide proper payroll

9  documents to Plaintiffs and Breaks Class members.

10       5.22  Defendant has actual or constructive knowledge of the foregoing facts.

11       5.23  **Common Course of Conduct: Unlawful Non-Compete Policies**. Defendant

12  required all employees to agree to their non-compete policy set for in the Employee

13  Handbook(s).

14       5.24  Beginning at a date currently unknown to Plaintiffs, but at least as early as July

15  2022, Defendant prohibited Plaintiffs and employees from working for any outside

16  organization that does significant business with Capstone as a condition of employment per

17  their Employee Handbooks.

18       5.25  The Employee Handbook(s) stated, in relevant part:

19            "Associates are prohibited from working for an organization that
   does a significant amount of business with Capstone, such as major
20            contractors, suppliers and Partners."

21       5.26  In addition, on information and belief, Defendant required Plaintiffs and the Non-

22  Compete Class to sign the handbook in acknowledgement that under Defendant's policy they

23  could not work for an organization that does a significant amount of business with Defendant.

24       5.27  RCW 49.62.010 provides in part that "written or oral covenant, agreement, or

25  contract by which an employee or independent contractor is prohibited or restrained from

26  engaging in a lawful profession, trade, or business of any kind" is prohibited if the employee

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206)_774-8874
www.nolanlimlaw.com

makes below the compensation threshold referenced in RCW 49.62.040.

5.28    The Washington Department of Labor published the compensation threshold on its website. The table listed below is true and correct excerpt of compensation threshold for employees:

| Statutory Dollar Adjustments | 2023 Thresholds | 2024 Thresholds | 2025 Thresholds | 2026 Thresholds |
|---|---|---|---|---|
| Employees | $116,593.18 | $120,559.99 | $123,394.17 | $126,858.83 |

5.29    Plaintiffs earned less than the salary threshold for each of the years.

5.30    Defendant, by creating, providing for and/or enforcing the above policies and practices, as set out in the Employee Handbooks, are liable for statutory damages since they facially violate RCR 49.62.070 as set forth herein.

5.31    **Common Course of Conduct: Failure to pay for rest breaks.** Defendant has engaged in a common course of failing to pay Plaintiff Jackson and Piece-Rate Class members separate pay for rest breaks.

5.32    Defendant only paid Plaintiff Jackson, and Piece-Rate Class Members on a per-load basis, meaning they were paid a specified rate for completing a discrete loading or unloading task for a single shipping truck.

5.33    However, Defendant did not pay Plaintiff Jackson and Piece-Rate Class Members for rest break time, regardless of whether the rest breaks were received. Instead, Defendant only compensated them for their work completing discrete loading and unloading tasks.

5.34    As an illustrative, non-exhaustive specific example of this alleged violation, Defendant failed to provide compensation to Plaintiff for rest breaks, taken or missed, in the workweeks of August 13, 2023, August 20, 2023, August 27, 2023, September 3, 2023, September 10, 2023, September 17, 2023, September 24, 2023, or October 1, 2023.

5.35    Defendant also failed to record any separate compensation for rest breaks on the pay records of Plaintiff Jackson and Piece-Rate Class Members.

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

5.36  Plaintiff Jackson also recalls tasks that he would have to perform in the warehouse in addition to his loading and unloading duties. For example, pallets were often scarce in Defendant's facilities and Plaintiff Jackson would have to spend time in between loads combing the alleys in the dry dock and freezer for spare pallets. The time performing such tasks were not tracked by Defendant nor was there a way to be compensated for that work time.

5.37  By failing to track this additional hourly work Plaintiff Jackson and the Piece Rate Class Members were harmed because their regular hourly rate was artificially deflated. Further, by failing to track this additional hourly work Plaintiffs were harmed because they were not compensated for time spent performing work.

5.38  **Common Course of Conduct: Failure to Pay Overtime Wage.** Defendant has engaged in a common course of failing to pay overtime wages to Plaintiffs and Class Members when they work more than 40 hours in a week.

5.39  As set forth above, Defendant failed to compensate Plaintiff Jackson and Piece-Rate Class Members for all rest breaks, taken or missed. Defendant's omission of this owed compensation from the regular-rate-of-pay calculation resulted in the systematic underpayment of overtime wages in workweeks when overtime was earned.

5.40  Defendant also failed to pay Plaintiffs and Breaks Class Members the additional thirty (30) minutes of compensation owed for each missed meal periods or (10) minutes for each missed rest period. Because that additional compensation constitutes pay that must be included in the regular-rate-of-pay calculation, Defendant's failure to provide it reduced employees' regular rate of pay and resulted in underpayment of overtime wages.

5.41  As an illustrative, non-exhaustive, specific example of this alleged violation, Plaintiff Quindt worked sixty-three (63) hours during the workweek of September 1, 2024, but did not receive his second meal breaks. Defendant failed to pay the additional meal-period compensation, thereby depressing his regular rate of pay and causing his overtime compensation to be underpaid.

FIRST AMENDED CLASS ACTION
COMPLAINT – 11

5.42  Upon information and belief, Defendant's breaks and overtime compensation policies alleged herein are common to other Breaks and Piece-Rate Class Members across Defendant's Washington facilities.

5.43  Through these uniform policies and omissions, Defendant engaged in a pattern and practice of underpaying overtime compensation to Plaintiffs, Breaks Class Members, and Piece-Rate Class Members.

## VI.  FIRST CLAIM FOR RELIEF

**Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods**
***On Behalf of Plaintiffs and Breaks Class Members***

6.1    Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.3    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.4    Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.5    Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.6    Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.7    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

FIRST AMENDED CLASS ACTION
COMPLAINT – 12

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

6.8     As a result of the unlawful acts of Defendant, Plaintiffs and the Breaks Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII.  SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods *On Behalf of Plaintiffs and Breaks Class Members*

7.1     Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health." RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.3     WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.4     Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.5     Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.6     Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.7     By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.8     As a result of the unlawful acts of Defendant, Plaintiffs and the Breaks Class Members have been deprived of compensation in amounts to be determined at trial, and

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII.  THIRD CLAIM FOR RELIEF

### Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled
### *On Behalf of Plaintiffs and Breaks Class Members*

8.1    Plaintiffs and the Breaks Class Members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment."

8.3    As a result of the unlawful acts of Defendant, Plaintiffs and the Breaks Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX.  FOURTH CLAIM FOR RELIEF

### Violation of RCW 49.46.130 – Failure to Pay Overtime Compensation
### *On Behalf of Plaintiffs and Breaks Class Members*

9.1    Plaintiffs and Breaks Class Members Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than forty hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed.

9.3    Under RCW 49.46.090, an employer must pay all wages to which employees are entitled, including all forms of non-discretionary compensation that are part of the regular rate of pay.

9.4    Defendant failed to pay Plaintiff Jackson and Piece-Rate Class Members all overtime wages owed by excluding compensation for rest breaks, whether taken or missed,

FIRST AMENDED CLASS ACTION
COMPLAINT – 14

1  from the total remuneration used to determine employees' regular rate of pay for overtime

2  calculations.

3       9.5    Defendant failed to pay Plaintiffs and Breaks Class Members all overtime wages

4  owed by excluding the additional compensation due for missed meal and rest breaks from the

5  total remuneration used to determine employees' regular rate of pay.

6       9.6    By the actions alleged above, Defendant violated the provisions of RCW

7  49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiffs and Class

8  members for the time they worked, including but not limited to work they performed in excess

9  of forty hours per week.

10       9.7    As a result of Defendant's unlawful acts, Plaintiffs and the Class have been

11  deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46 are

12  entitled to recover such amounts, including interest thereon, and attorneys' fees and costs.

13                         **X. FIFTH CLAIM FOR RELIEF**

14  **Violation of RCW 49.46.090 – Failure to Compensate for Rest Breaks**
*On Behalf of Plaintiff Jackson and Piece-Rate Class Members*

15
16       10.1    Plaintiff Jackson and Piece-Rate Class Members Plaintiffs and the Class reallege

  and incorporate by reference each and every allegation set forth in the preceding paragraphs.

17
18       10.2    WAC 296–126–092 provides, "Employees shall be allowed a rest period of not

19  less than ten minutes, on the employer's time, for each four hours of working time.... No

employee shall be required to work more than three hours without a rest period." The

20  Washington Supreme Court has confirmed that employees must be paid for all time spent on

21  rest breaks because such time is considered hours worked. *See Demetrio v. Sakuma Bros.*

22  *Farms, Inc.*, 183 Wn.2d 649, 662–63, 355 P.3d 258. (Washington rest break regulations

23  "entitles pieceworkers to their regular rate of pay for rest break time.")

24       10.3    Defendant failed to compensate Plaintiff Jackson and Piece-Rate Class Members

25  with any compensation for taken or missed rest breaks. Nor were they provided compensation

26  for the work they performed outside of their loading and unloading production tasks.

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

10.4    Defendant has failed to pay minimum wages to Plaintiff Jackson and Piece-Rate Class members for all work performed and rest breaks, taken or missed.

10.5  By failing to track this additional hourly work Plaintiffs were harmed because their regular hourly rate was artificially deflated. Further, by failing to track this additional hourly work Plaintiffs were harmed because they were not compensated for time spent performing work.

10.6    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.7    As a result of the unlawful acts of Defendant, Plaintiffs and the Breaks and Piece-Rate Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X.  SIXTH CLAIM FOR RELIEF

### Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination
### *On Behalf of Plaintiffs and the Breaks and Piece-Rate Class Members*

11.1  Plaintiffs and Class Members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

11.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

11.4    As a result of the unlawful acts of Defendants, Plaintiffs and the Breaks and Piece-Rate Class Members who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members who

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

1    are no longer employed by Defendants are entitled to the recovery of such damages, including

2    interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XI.  SEVENTH CLAIM FOR RELIEF

### Violation of RCW 49.52.050 – Willful Refusal to Pay Wages
### *On Behalf of Plaintiffs and the Breaks and Piece-Rate Class Members*

12.1    Plaintiffs and Class Members reallege and incorporate by reference each and

every allegation set forth in the preceding paragraphs.

12.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to

deprive the employee of any part of his wages, pays any employee a lower wage than the wage

such employer is obligated to pay such employee by any statute, ordinance, or contract" is

guilty of a misdemeanor.

12.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW

49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute

violations of RCW 49.52.050.

12.4    RCW 49.52.070 provides that any employer who violates the provisions of

RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld,

attorneys' fees, and costs.

12.5    As a result of the willful, unlawful acts of Defendant, Plaintiffs and the Piece-

Rate Class members have been deprived of compensation in amounts to be determined at trial,

and Plaintiffs and the Class members are entitled to recovery of twice such damages, including

interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XII.  EIGHTH CLAIM FOR RELIEF

### Violation of 49.62.070 – Unlawful Restrictions on Outside Employment
### *On Behalf of Plaintiffs and the Non-Compete Class*

13.1    Plaintiffs and Class Members reallege and incorporate by reference each and

every allegation set forth in the preceding paragraphs.

13.2    RCW 49.62.070 provides that "an employer may not restrict, restrain, or

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

13.3    Defendant maintained and enforced an unlawful non-compete policy in its employee Handbook(s). The policy stated, in relevant part:

> "Associates are prohibited from working for an organization that does a significant amount of business with Capstone, such as major contractors, suppliers and Partners."

13.4    Plaintiffs received a copy of the Handbook(s) upon hire. Upon information and belief, Plaintiffs signed an acknowledgement of the policies in the Handbook(s) at the behest of the Defendant.

13.5    Plaintiffs were subject to and bound by this provision during their employment.

13.6    If a court determines that a violation occurred under RCW 49.62, "the violator must pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding." 49.62.080

13.7    By the actions alleged above, Defendant has violated the provisions of RCW 49.62.020.

### XIII. NINTH CLAIM FOR RELIEF

**Violation of 49.62.070 – Unlawful Non-Compete Covenant**
***On Behalf of Plaintiffs and the Non-Compete Class***

14.1    Plaintiffs and Class Members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2    Under RCW 49.62.010(4), a "Noncompetition covenant includes every written or oral covenant, agreement, or contract by which an employee is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind. A noncompetition covenant also includes an agreement that directly or indirectly prohibits the acceptance or transaction of business with a customer." "A noncompetition covenant is void and unenforceable… Unless

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

the employee's earnings from the party seeking enforcement, when annualized, exceed one hundred thousand dollars per year." RCW 49.62.020

14.3    Defendant maintained and enforced an unlawful non-compete policy in its employee Handbook(s). The policy stated, in relevant part:

> "Associates are prohibited from working for an organization that does a significant amount of business with Capstone, such as major contractors, suppliers and Partners."

14.4    Plaintiffs received a copy of the Handbook(s) upon hire. Upon information and belief, Plaintiffs signed an acknowledgement of the policies in the Handbook(s) at the behest of the Defendant.

14.5    Plaintiffs were subject to and bound by this provision during their employment.

14.6    If a court determines that a violation occurred under RCW 49.62, "the violator must pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding." 49.62.080

14.7    By the actions alleged above, Defendant has violated the provisions of RCW 49.62.010 and RCW 49.62.020.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for a judgment against Defendant as follows:

A.    Certify the proposed Classes;

B.    Appoint Plaintiffs as Class representatives;

C.    Appoint the undersigned attorneys as Class Counsel;

D.    Declare that the actions complained of herein violate Washington law;

E.    Award Plaintiffs and the Class members compensatory and exemplary damages;

F.    Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;

G.    Award pre-judgment and post-judgment interest to Plaintiffs, and the Class

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com

1    Members, as provided by law;

2         H.        Grant such other and further relief as this Court deems necessary.

3         I.        Award Plaintiffs and Class Members the greater of their actual damages or a

4    statutory penalty of five thousand dollars ($5,000) per violation of RCW 49.62.020, pursuant to

5    RCW 49.62.080(2);

6         J.        Award reasonable attorneys' fees, expenses, and costs incurred in pursuing

7    claims under RCW 49.62.020 and RCW 49.62.020, as provided by RCW 49.62.080(2) and (3);

8         K.        Grant injunctive relief prohibiting Defendant from maintaining or enforcing

9    unlawful outside employment restrictions in violation of RCW 49.62 *et seq.*;

10        RESPECTFULLY SUBMITTED AND DATED this 4th day of November, 2025.

11                               **NOLAN LIM LAW FIRM, PS**

12

13                    By:  _/s/ NOLAN LIM WSBA #36830_
                          Nolan Lim Law Firm, PS
14                        1111 Third Ave. Suite 1850
                          Seattle, WA 98101
15                        (206) 774-8874
                          *www.nolanlimlaw.com*
16

17                               **REKHI & WOLK, P.S.**

18                    By: */s/ Hardeep S. Rekhi, WSBA # 34579*
                          Hardeep S. Rekhi, WSBA #34579
19                    By: */s/ Gregory A. Wolk, WSBA # 28946*
                          Gregory A. Wolk, WSBA #28946
20                    By: */s/ Cameron K. Mease, WSBA # 59550*
21                        Cameron K. Mease, WSBA #59550
                          Rekhi & Wolk, P.S.
22                        529 Warren Avenue N, Suite 201
                          Seattle, WA 98109
23                        Tel: (206) 388-5887
                          Fax: (206) 577-3924
24                        *www.rekhiwolk.com*

25                        *Attorneys for Plaintiffs*

26

FIRST AMENDED CLASS ACTION
COMPLAINT – 20

## **CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Gerald L Maatman, Jr
DUANE MORRIS LLP (IL)
190 S LASALLE ST
STE 3700
CHICAGO, IL 60603
312-499-6710
Fax: 312-499-6701
Email: gmaatman@duanemorris.com
PRO HAC VICE

Jennifer A Riley
DUANE MORRIS LLP (IL)
190 S LASALLE ST
STE 3700
CHICAGO, IL 60603
312-499-6711
Fax: 312-279-6767
Email: jariley@duanemorris.com
PRO HAC VICE

Samson Charles Huang
DUANE MORRIS (LOS ANGELES)
865 S FIGUEROA ST
STE 3100
LOS ANGELES, CA 90017
213-689-7441
Fax: 213-689-7401
Email: schuang@duanemorris.com
PRO HAC VICE

Daniel B Heidtke
DUANE MORRIS (WA)
COLUMBIA TOWER
701 FIFTH AVE
42ND FL
SEATTLE, WA 98104

FIRST AMENDED CLASS ACTION
COMPLAINT – 21

512-277-2261
Fax: 702-543-3263
Email: dbheidtke@duanemorris.com

*Attorney for Defendant*

The foregoing statement is made under the penalty of perjury under the laws of the United

States of America and the State of Washington and is true and correct.

DATED November 4, 2025.

By: *s/ Jeff Mead*_____
Jeff Mead, Paralegal
REKHI & WOLK, P.S.
529 Warren Avenue N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE. SUITE 1850
SEATTLE, WA 98101
TEL. (206_774-8874
www.nolanlimlaw.com