UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRE'VELL OATTS,

                    Plaintiff,

        v.

CAPSTONE LOGISTICS LLC,

                    Defendant.

CASE NO. 3:25-cv-05798-DGE

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39)

Before the Court is Plaintiffs' motion for reconsideration of the Court's order compelling Plaintiff Jesse Quindt to arbitration. (Dkt. No. 39.) For the reasons articulated herein, Plaintiffs' motion is GRANTED. The Court vacates its order compelling Quindt to individual arbitration and instead permits Quindt to proceed with his claims in this forum.

## I        BACKGROUND

The Court previously ordered that Quindt was compelled to arbitrate his claim according to the laws of the State of Georgia. (Dkt. No. 37.)[1] In reaching this result, the Court found

---

[1] For a full discussion of the facts underlying this matter, *see* Dkt. No. 37 at 2–4.)

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 1

Quindt's contract with Defendant is not per se invalid (*id*. at 12–15), Quindt falls within the Federal Arbitration Act's ("FAA") transportation workers exemption (*id*. at 15–16), and Quindt's contract is governed by Georgia law, and not Washington law, which requires Quindt to arbitrate individually (*id*. at 16–18).  Specifically, the Court held the Parties' choice-of-law provision applying Georgia law was valid because Plaintiffs failed to show Washington's interests materially outweighed Georgia's interest.  (*Id*. at 17.)

Plaintiffs now ask the Court to reconsider its finding that Washington's interest in voiding the class action waiver did not materially outweigh Georgia's interest in enforcing the Arbitration Agreement ("Agreement").  (Dkt. No. 39 at 4–6.)  Plaintiffs in their initial response to Defendant's motion to compel implicitly argued that "Washington has the most significant relationship to the agreement" and the Court should "not apply a foreign state's law where doing so would undermine Washington's fundamental policy protecting statutory rights."  (Dkt. No. 26 at 15.)  Plaintiffs now explicitly argue Washington's strong interest in protecting its employees materially outweighs Georgia's interest in this matter.  (Dkt. No. 39 at 4–6.)

Pursuant to the Court's order (Dkt. No. 40), Defendant filed a response in opposition to Plaintiffs' motion for reconsideration.  (Dkt. No. 43.)

## II      LEGAL STANDARD

Under Local Civil Rule ("LCR") 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 2

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III    MOTION FOR RECONSIDERATION IS PROPER

In response to the Court's order for supplemental briefing (Dkt. No. 40), Defendant makes several arguments focused not on the merits of Plaintiffs' motion for reconsideration but on whether a motion for reconsideration is proper. (*See generally* Dkt. No. 43.) First, Defendant argues this is an improper motion under Federal Rule of Civil Procedure 59(e) because a motion compelling arbitration is not a judgment. (*Id*. at 4.) The Court, however, finds Plaintiffs' motion proper under Local Civil Rule 7(h). *See Feis v. Mayo*, No. C23-462-MLP, 2024 WL 2845937, *1 (W.D. Wash. June 5, 2024) (where "Plaintiffs include a request for reconsideration, the Court will [] consider their Motion pursuant to Local Civil Rule ('LCR') 7(h)"); *see also S.E.C. v. Kuipers*, 399 Fed App'x 167, 170 (9th Cir. 2010) ("[T]he Local Rule appears to track the language of Federal Rule of Civil Procedure 7, which covers motions and pleadings more generally, and does not limit its application to final judgments."). Second, Defendant argues no manifest injustice will arise if Quindt is compelled to arbitrate under the arbitration laws of Georgia as he agreed to in the arbitration contract. (Dkt. No. 43 at 6–7.) The Court, however, finds that an error in its analysis of Restatement § 187 would be a sufficient basis on which to reconsider its initial order. *See* LCR 7(h)(1) ("manifest error" is a legitimate basis on which to grant a motion for reconsideration).

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 3

Finally, Defendant argues Plaintiffs are only using "a motion for reconsideration to litigate a matter that [they] presented or could have presented in response to the motion." (Dkt. No. 43 at 5.) While the Court concurs with Defendant that more explicit briefing by Plaintiffs in their initial response to Defendant's motion to compel arbitration may have prevented the current dispute, the Court also finds motions for reconsideration are appropriate when there is "a showing of manifest error in the prior ruling[.]" *See* LCR 7(h)(1). Accordingly, the Court finds Plaintiffs submitted a proper motion for reconsideration under Local Civil Rule 7(h) and considers the motion on its merits.

**IV    ANALYSIS**

"Washington courts apply § 187 of the Restatement (Second) Conflict of Laws" to determine whether choice-of-law provisions should be enforced. *Amazon.com, Inc. v. Powers*, No, C12-1911RAJ, 2012 WL 6726538, at *11 (W.D. Wash. Dec. 27, 2012). Under § 187, a choice of law provision will be enforced unless (1) there is "no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice,'" *id*. (quoting § 187(2)(a)), or (2) all three of the following conditions are met: "[1] without the provision, Washington law would apply; [2] [] the chosen state's law violates a fundamental public policy of Washington; and [3] [] Washington's interest in the determination of the issue materially outweighs the chosen state's interest." *McKee v. AT&T Corp*, 191 P.3d 845, 851(Wash. 2008); *see also Eckstein v. E. Coast Facilities*, No. C21-257 MJP, 2021 WL 3173044, *3 (W.D. Wash. July 26, 2021). The Court previously held there is a substantial relationship to Georgia such that the first part of § 187 is inapplicable. (Dkt. No. 37 at 17.) Plaintiff does not challenge this finding. (*See* Dkt. No. 39.) The Court therefore reconsiders only its application of the second test.

**A. Washington's Fundamental Policy**

While "[n]o detailed statement can be made of the situations where a 'fundamental' policy of the state of the otherwise applicable law will be found to exist[,]" "[t]o be 'fundamental,' a policy must in any event be a substantial one."  Restatement § 187, comment g. "[A] fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power."  *Id*.

The Washington legislature has identified,"[u]nder prevailing economic conditions . . . the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his or her freedom of labor," making it necessary "that he or she shall be free from interference, restraint, or coercion . . . in . . . activities for the purpose of collective bargaining or other mutual aid or protections."  Washington Revised Code § 49.32.020.  "[C]lass action suits uphold this same public policy."  *Oakley v. Domino's Pizza LLC*, 516 P.3d 1237, 1246 (Wash. App. Ct. 2022).  "'[C]ertifying [a] class is likely the only way that the [employees'] rights will be vindicated' because individual employees 'likely do not have the bargaining power to achieve systemic victories.'"  *Id*. (quoting *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 415 P.3d 224, 234 (Wash. 2018)).  Arbitration agreement class action waivers are "substantively unconscionable" because they "frustrate[] our state's public policy of protecting workers' rights to undertake collective actions and ensure the proper payment of wages."  *Id*.

Accordingly, it is clear Washington has a fundamental policy against prohibiting class action waivers in wage-and-hour cases.[2]

---

[2] Defendant does not dispute Washington has a fundamental policy in enforcing class action waivers in wage-and-hour cases.  (*See* Dkt. Nos. 31, 43.)

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 5

**B.  Washington Law Would Apply**

When laws are silent as to the law that should apply, "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in [Restatement] § 6."  Restatement § 188.[3]  The "contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties."  *Id*.  "These contacts are to be evaluated according to their relative importance with respect to the particular issue."  *Id*.  Where a defendant company is based in another state but "[Plaintiff] is a Washington resident, [Defendant] does business in Washington, and [Plaintiff's] employment with [Defendant] was based in Washington," "the contract is controlled by Washington law."  *Oakley*, 516 P.3d at 1245.  Here, Quindt is a Washington resident, Defendant does business in Washington, and Plaintiff's employment with Defendant was based in Washington.

Accordingly, absent the choice-of-law provision at issue in this case, Washington law would apply.[4]

**C.  Washington's Interests vs. Georgia's Interests in the Class Action Waiver**

---

[3] Restatement § 6 provides that, "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law."  "When there is no such directive," relevant factors include "the needs of the interstate and international systems," "the relevant policies of the forum," "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue," "the protection of justified expectations," "the basic policies underlying the particular field of law," "certainty, predictability and uniformity of result," and "ease in the determination and application of the law to be applied."  *Id*.

[4] Defendant also does not dispute that, without the choice-of-law provision, Washington law would apply.  (*See* Dkt. Nos. 31, 43.)

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 6

"[T]he interest of a state in having its contract rule applied in the determination of a particular issue will depend upon the purpose sought to be achieved by that rule and upon the relation of the state to the transaction and the parties.'" *Potlach No. 1 Fed. Credit Union v. Kennedy*, 459 P.2d 32, 35 (Wash. 1969); *Erwin v. Cotter Health Centers*, 167 P.3d 1112, 1123 (Wash. 2007) (en banc). The two competing contract rules in this case are (1) Washington's rule of finding class action waivers substantively unconscionable and, therefore, unenforceable versus (2) Georgia's rule of enforcing class action waivers based on the parties' mutual agreement.

Upon reconsideration, the Court finds Washington's interests in applying its contractual rule to the determination of the particular issue in this case—i.e., whether to enforce the class action waiver—materially outweigh Georgia's interests in such issue. Plaintiffs argue Washington's interest is "ensuring that its wage-and-hour statutes remain enforceable for work performed in Washington" and frame Georgia's interest as its "limited, domicile-based interest in contract enforcement." (Dkt. No. 39 at 5.) Defendant used a similar framing of the interests in its initial reply in support of their motion to compel arbitration. (*See* Dkt. No. 31 at 15) ("While Quindt is a Washington resident, Capstone is based in Georgia, such that Georgia has at least an equal interest in the enforcement of the arbitration agreement.") (cleaned up). More importantly, Defendant does not challenge Plaintiffs' framing of the issues in their response to Plaintiff's motion for reconsideration. (*See* Dkt. No. 43.) Nor does Defendant identify any other interest Georgia has in the determination of this issue. (*Id.*)

As already identified *supra*, Washington has proclaimed a significant interest in "protecting workers' rights to undertake collective actions and ensure the proper payment of wages." *Oakley*, 516 P.3d at 1246. So much so that Washington finds class actions waivers in employment relationships "substantively unconscionable." *Id*. The purpose sought to be

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 7

achieved by Washington's interest in voiding class action waivers is to give Washington-based employees who "do not have [] bargaining power [the ability] to achieve systemic victories." *Id*. And although Georgia undoubtedly maintains an interest in enforcing contracts by holding parties to their agreement, such interest is a general one applicable to all contractual relationships.

The Court does not find Washington's and Georgia's interests in the enforcement of the class action waiver in this case equal. Rather, based on the relationship between the Parties and Washington—Quindt being a Washington resident, Defendant doing business in the State of Washington, and the employment occurring in Washington—the Court finds Washington's specific interest in voiding the class action waiver materially outweighs Georgia's general interest in enforcing a contractual provision.

Accordingly, pursuant to Restatement § 187, the choice of law provision in this case will not be applied, which means Washington law applies and the class action waiver is void as substantively unconscionable.

**D. Effect on this Matter**

The Parties' Agreement appears to contain two provisions addressing the status of the Agreement if the class action waiver is deemed unenforceable. First, Section 4, entitled "This Arbitration Agreement Waives Class, Collective, Consolidated, And Representative Actions," states in part:

> . . . IF A COURT OR ARBITRATOR NEVERTHELESS ALLOWS OR REQUIRES A CLASS, COLLECTIVE, CONSOLIDATED, OR REPRESENTATIVE ARBITRATION, THE PARTIES AGREE THAT SUCH A DETERMINATION IS IMMEDIATELY APPEALABLE TO THE STATE OR FEDERAL COURTS SERVING THE CITY OF ATLANTA, IN THE STATE OF GEORGIA, AS CONTRARY TO THE INTENT OF THE PARTIES IN ENTERING INTO THIS ARBITRATION AGREEMENT AND THAT ALL ARBITRAL PROCEEDINGS, INCLUDING DISCOVERY, SHALL BE STAYED PENDING APPEAL. . . .

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 39) - 8

(Dkt. No. 23-1 at 17.)  In contrast, the "Severability and Waiver" language of Section 11 states in part:

**IF THE WAIVER PROVISION OF SECTION 4 OF THIS ARBITRATION AGREEMENT IS DECLARED INVALID BY ANY COURT OR ARBITRATOR FOR ANY REASON, THE PARTIES INTEND THAT THIS ENTIRE ARBITRATION AGREEMENT BE VOID.** . . .

(Id. at 18.)

The language of these two provisions is contradictory as the latter voids the former. Applying Section 11, if the waiver provision is declared void, then the arbitration agreement is void and no additional requirements stemming from Section 4 would apply.  Thus, by the plain terms of Section 11, the Agreement is void.

Moreover, even if it could be concluded that the conflicting terms of Sections 4 and 11 create ambiguity as to their overall effect, the Court would resolve such ambiguity in Quindt's favor.  This is because "[i]f [a] contract is ambiguous, the doubt created by the ambiguity will be resolved against the one who prepared the contract." *Felton v. Menan Starch Co.*, 405 P.2d 585, 588 (Wash. 1965); *Forest Marketing Enterprises, Inc. v. State, Department of Natural Resources,* 104 P.3d 40, 43 (Wash. App. Ct. 2005).  In this case, the Court understands Defendant created the Agreement.  Applying this rule, the Court resolves any ambiguity resulting from the language in Sections 4 and 11 in Quindt's favor and the entire Arbitration Agreement is deemed void.

Accordingly, on reconsideration, the Court finds Quindt's personal and class claims may proceed in this forum.

**V     ORDER**

For the reasons stated herein, the Court GRANTS Plaintiffs' motion for reconsideration (Dkt. No. 39) and VACATES its initial order on Defendant's motion to compel arbitration (Dkt. No. 37) to the extent it required Quindt individually arbitrate his claims.  The Court concludes that Quindt's Arbitration Agreement is void, and he is permitted to proceed with his claims.

Dated this 28th day of April, 2026.

David G. Estudillo
United States District Judge